UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CENTRAL DIVISION
URBANA DIVISION

| | |
|---|---|
| JOHN MARSHALL, and EARL HENSLEY, <br><br>Plaintiffs,<br>vs.<br><br>ALPHA & OMEGA TRANSIT NETWORK, INC., AND ANTHONY CHERRY, CHARLES DOTY Named as individual Defendants as Employers pursuant to the FLSA and IWML<br><br>Defendants. | Case No.17 CV 2204 |

**PLAINTIFFS' FLSA AND IMWL RETALIATION COMPLAINT**

Plaintiffs, JOHN MARSHALL and EARLE HENSLEY, by their undersigned attorney, for their Complaint against the Defendant ALPHA & OMEGA TRANSIT NETWORK, INC., ANTHONY CHERRY, CHARLES DOTY allege as follows:

**NATURE OF ACTION AND PARTIES**

1. This civil action is brought by the above-named individual plaintiffs who seek redress for the Defendant's violations of their rights under the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. for violations of the Illinois Minimum Wage Act ("IMWA"), 820 ILCS §105 et seq. This civil action is brought based on Defendants' termination of the named Plaintiffs in retaliation for their seeking wages and overtime wages and/or the Defendants' belief that Plaintiffs were seeking overtime and owed wages.

2. Plaintiffs Earle Hensley and John Marshall were employed by Defendant as drivers in Defendant's Decatur, Illinois office. Defendant has three offices in the state of Illinois serving central Illinois.

3. Defendant implemented a common scheme whereby Plaintiffs and all other drivers were not paid for all hours worked and were not paid overtime for hours worked in excess of forty hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA").

4. A report of these failures to pay owed wages and/or overtime wages was made to the Department of Labor.

5. Upon information and belief, at all times hereinafter mentioned, Defendant Alpha & Omega Transit Network, Inc. ("Alpha & Omega") was and still is a private domestic corporation with its headquarters in Decatur, Illinois. It describes its business on its website as follows:

> "We provide the region's lowest-cost flat rate driving service and we're available for any medical provider. We transport health insurance patients on a flat low rate which enables medical providers to cut costs and achieve better results.
>
> We provide a highly personalized, patient centered medical service transportation via a centralized dispatch system.
>
> Our professional drivers transport patients to dialysis, physical therapy or routine doctor's appointments and back to the patient's residence for a flat low-cost rate."

## JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and 28 U.S.C. § 1367. The Court has personal jurisdiction over

Defendant pursuant to Federal Rule 4 (k)(1), in that Defendant has sufficient contact with the state of Illinois as they conducted business within the state. *See* 735 ILCS 5/2-209.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c). As per local rule RULE 40.1 – This matter is founded in Decatur Illinois in Macon County of Illinois, this case is filed and founded in the **URBANA DIVISION of this court.**

## GENERAL ALLEGATIONS

8. This lawsuit arises out of Defendant's retaliation for complaints against the Defendants' practice of knowingly and willfully refusing to its drivers for all compensable work time and for failing to pay overtime for those weeks when the drivers work more than 40 hours in a particular week.

9. At all times relevant, Plaintiffs and all other drivers were non-exempt employees of Defendant Alpha & Omega, as defined by the FLSA. Plaintiff Marshall was employed by the Defendant from July 13, 2015 until on or about September 15, 2015. Plaintiff Hensley was employed by Alpha & Omega from May 24, 2015 until September 15, 2015.

10. At all times relevant, Alpha & Omega was an employer, as defined by the FLSA and Illinois state law.

11. Defendant Alpha & Omega is engaged in interstate commerce as that term is used in the FLSA and/or had revenues in excess of $500,000.00.

12. At all times relevant, Plaintiffs and all other drivers, in their capacity as employees of Defendant Alpha & Omega, were engaged in interstate commerce.

13.     During the course of employment with Defendant Alpha & Omega, drivers, such as Mr. Marshall and Mr. Hensley, were not exempt from overtime wages. However, the drivers were only paid straight time for all hours worked and did not receive overtime compensation as required by the FLSA and the IMWA. In addition, the Defendant did not pay its drivers when they were forced to wait for their next assignment while they were out on the road. For example, if Plaintiff Marshall transported a patient from Decatur to Springfield, he was typically required to wait in Springfield for his next assignment. If that assignment required him to wait three hours before making a trip from Springfield to Bloomington, Mr. Marshall was "off the clock" until he started driving to Bloomington and he was not paid for his off the clock time.

14.     Plaintiffs were paid an hourly wage for drivers. At the time of filing this Complaint, Plaintiff Marshall was paid $8.25 an hour and Plaintiff Hensley was paid $9.00 an hour.

15.     During the course of all the drivers' employment with Alpha & Omega, the drivers routinely worked in excess of 40 hours per week. For example, Plaintiff Marshall never worked less than 60 hours a week and sometimes worked as much as 80 hours in a work week. Plaintiff Hensley never worked less than 40 hours per week, but more frequently worked around 70 hours per week.

16.     Despite the fact that the drivers were not exempt, Defendant Alpha & Omega did not pay them the proper wages they were owed, including payment of all compensable time and payment of overtime wages for work in excess of 40 hours per week.

17.     Plaintiffs are entitled to actual, liquidated and other damages for Defendant's retaliatory actions.

.    23.    Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and other members of the FLSA Class.

## COUNT I
## WAGE RETALIATION UNDER THE FLSA

24.    Plaintiffs reallege and incorporate by reference all paragraphs of this complaint.

25.    Under the FLSA, the Plaintiffs were entitled to be paid overtime for all hours worked over 40 in a given work week.

26.    The overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate, which includes all nondiscretionary compensation paid to employees.

27.    Defendant failed to compensate The FLSA Class at the overtime rate for work performed in excess of 40 hours per week in violation of the FLSA. Defendant also failed to compensate the Drivers for off the clock time that included waiting at remote locations for new assignments and doing pre trip and post trip work on their vehicles.

28.    Defendant's violation of the FLSA for failure to pay the drivers overtime wages was willful and deliberate. The willfulness of the retaliatory termination is shown by the statements to the Plaintiffs that they were being fired "because they went to the DOL and filed a complaint". These statements were delivered directly to the Plaintiffs, one in a face-to-face termination meeting, and another over the phone to the other Plaintiff.

29.    Upon information and belief, Defendant's practices as described above were not approved in writing by the United States Department of Labor.

30.    Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor.

31.     Plaintiffs were terminated from their employment with Defendants for Defendants' belief that Plaintiffs filed complaints with Department of Labor relating to the Defendants failures to pay overtime and/or minimum wages.

## COUNT II
## RETALIATION FOR WAGE COMPLAINTS UNDER ILLINOIS LAW

32.     Plaintiffs repeat and re-allege all paragraphs of this complaint.

33.     Illinois law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty per week. Illinois Minimum Wage Law, 820 ILCS §105/4a *et. seq.*

34.     Defendant failed to pay Plaintiffs for overtime hours worked. Upon information and belief, Defendant also failed to pay other members of the Plaintiff class for overtime hours worked.

35.     The foregoing actions of Defendant constitute violations of the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq.*   Defendant's actions were willful and not in good faith.

36.     Defendant is liable to Plaintiffs and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law, 820 ILCS §105 *et. seq*.

37.     Plaintiffs were terminated from their employment with Defendants for Defendants' belief that Plaintiffs filed complaints with Department of Labor relating to the Defendants failures to pay overtime and/or minimum wages.

**38.     Plaintiffs terminations were causally related to wage claims or belief of wage complaints, based on Defendants telling one Plaintiff he was being fired for "going to the DOL" during his termination meeting on September 15, 2015, while the second Plaintiff**

**was told over the phone on September 15, 2015 that he was being terminated for having complained to the DOL.**

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court grant the following relief:

1. Award all actual damages suffered by Plaintiffs and the drivers;

2. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually, pray for the following relief:

A. All owed wages;

B. All wages and commissions that would have been earned, but for the retaliatory termination of Plaintiff's employment.

C. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

D. Compensation originating from Defendants company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

E. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

F. Attorneys' fees and costs of this action; and

G. Such other relief as this Court shall deem just and proper.

H. Legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of the FLSA, including without limitation employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and damages for mental and emotional stress.

I. Civil remedies include all unpaid compensation, mandatory liquidated damages (equal to the amount of the unpaid compensation) equitable relief (such as reinstatement) and attorneys' fees. 29 U.S.C. § 216(b).

J. Punitive damages as set forth at 29 U.S.C. § 216(b) and allows "such legal or equitable relief as may be appropriate to effectuate the purposes of [the Act] ...."

## DEMAND FOR A TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues raised by the Complaint.

Dated: September 13, 2019

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted,

By: _____-S-John C. Ireland_____
John C. Ireland

Attorney for the Plaintiffs

John Ireland
**Lead counsel for purposes of RULE 11.2 DESIGNATION OF LEAD COUNSEL ON INITIAL PLEADING**
The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
  630-464-9675
Facsimile 630-206-0889           attorneyireland@gmail.com