UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CENTRAL DIVISION
URBANA  DIVISION

| | |
|---|---|
| JOHN MARSHALL, and EARL HENSLEY, <br><br> Plaintiffs, <br> vs. <br><br> ALPHA & OMEGA TRANSIT NETWORK, INC., AND ANTHONY CHERRY, CHARLES DOTY Named as individual Defendants as Employers pursuant to the FLSA and IWML <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.17 CV 2204 |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
PURSUANT TO 56(B)**

NOW COMES Plaintiffs, JOHN MARSHALL and EARL HENSLEY ("Plaintiffs"), by their attorney JOHN IRELAND, moves for default judgment against Defendant Alpha and Omega Transit Network, Inc., pursuant to Rule 55(b) (hereinafter referred to as "A and O") alleges as follows:

1. This civil action is brought by the above-named plaintiffs who seek redress for the Defendants' retaliations for their Fair Labor Standards Act claims, 29 U.S.C. § 201, et. Seq. and Illinois Minimum Wage Law (IWML).  (See Docket Document #1).

2. This court directed the Clerk of the Court to enter Judgment in favor of the Plaintiffs. (Docket Document # ).

3. Court also directed Plaintiffs to file a Motion for Default in accord with Rule 56(b), (Id)., this motion is that 56 (b) request.

### Plaintiffs' ask for lost wages due to their terminations

4. Plaintiffs' ask the court to award them lost wages which the Plaintiffs would have earned, but for their retaliatory termination.

5. Civil remedies for FLSA retaliation include all unpaid compensation, liquidated damages (equal to the amount of the unpaid compensation) equitable relief and attorneys' fees. 29 U.S.C. § 216(b).

6. Plaintiffs provide testimony in support of their request for compensation. (see Affidavits of Plaintiffs, attached to this Motion as Exhibits 1 and 2).

7. In Plaintiffs' Affidavits, Plaintiffs ask for owed wages as follows:

    a. Plaintiff Earl Hensley asks for back wages to be awarded in the amount of $89,438.65. (See Ex. 1 ¶ 21).

    b. Plaintiff John Marshal asks for back wages to be awarded in the amount of $86, 279.24. (See Ex. 2; ¶ 26)

### Pre-judgement Interest

8. Plaintiffs also ask for all applicable penalties applicable under Illinois law for includes prejudgment interest.

9. The statutory authority for the award of prejudgment interest is section 2 of the Interest Act (815 ILCS 205/2 (West 2012)), which prescribes an award of interest on "all moneys after they become due on any *** instrument of writing."  And "on money withheld by an unreasonable and vexatious delay of payment". (Id)

10. Here both apply; the monies owed to Plaintiff were due on instruments of writing, here those "instruments of writing" take the form of Defendant pay records, time records and paychecks.

11. All these documents were in writing, showing the work performed by Plaintiff, and the agreed rate of pay, yet Defendant failed to pay overtime wages. (Id.)

12. Further the delay is beyond reasonable and is clearly vexatious in its delay.

13. Plaintiff Hensley asks for prejudgment interest as follows:

    a. $11,179.83. (see Ex. 1 ¶ 42)

14. Plaintiff Marshal asks for prejudment in interest as follows:

    a. $10,784.91. (see Ex. 2 ¶ 39).

15. Plaintiff asks the Court to also enter an Order for Pre-Judgment Interest in the total amount of $21,964.74 against Defendants.

## LIQUIDATED DAMAGES

16. The FLSA allows for a penalty of Liquidated Damages for failures to pay overtime and or minimum wages. 29 U.S.C. § 216 (b).

17. Defendants' actions in termination of the Plaintiffs for the overtime complaints was willful, wanton and deliberate.

18. Plaintiffs lost wages totals $175,717.89 ($86,279.24 + $89,438.65), Plaintiff asks for this amount in liquidated damages. (see Ex. 1 ¶¶ 28-33 and Ex. 2 ¶¶ 27-30)

## IMWL 2% PENALTIES

19. Plaintiffs also ask for penalties applicable under the Illinois Minimum Wage Law (IMWL).

20. Under the IMWL automatic penalties of 2% are applied each month while the Defendant fails to pay proper wages.

21. Plaintiffs ask for 2% IMWL penalties as follows:

22. For John Marshal Plaintiff asks for $53,493.13. (see Ex. 2 ¶ 35)

23. For Plaintiff Earl Hensley Plaintiff asks for $51,874.41. (see Ex. 1 ¶ 37)

### PLAINTIFFS' ASK FOR EMOTIONAL DISTRESS DAMAGES

24. Under the FLSA retaliation statute, the Plaintiffs are allowed emotional distress damages.

25. Legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of the FLSA, including without limitation employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages, and damages for mental and emotional stress.

26. Here the Plaintiffs' both testified as to their emotional distress damages. (See Exs. 1 ¶¶ 43-49; Ex 2 ¶¶ 40-46).

27. Plaintiffs (each) ask for emotional distress damages in the amount of $5,000.00 or a total of $10,000.00. (Id).

### PLAINTIFFS' ASK FOR PUNITIVE DAMAGES

28. Under FLSA retaliation claims, punitive damages are available. See 29 U.S.C. § 216(b) and allows "such legal or equitable relief as may be appropriate to effectuate the purposes of [the Act] ...."

29. Plaintiffs testify that the Defendants actions were deliberate, willful and wanton, that the Defendants' specifically stated the terminations were for the overtime complaints. (See Exs. 1; ¶¶43-51; Ex 2 ¶¶ 40-46).

30. Thus Plaintiffs ask (each) for $5,000.00 in punitive damages.

31. Accordingly, Plaintiffs ask the court to allow for entry of a Default Judgment in the following certain sums and supporting that with proper evidence in the form of sworn Affidavits and attached documents: (see attached Affidavit of John Marshall, attached as Exhibit 2)

32. Plaintiff John Marshall asks for damages as follows:

   a) $86, 279.24 in total owed wages
   b) $86, 279.24 in liquidated damages
   c) $21,964.74 in pre-judgment interest
   d) $53,493.13 in IWML 2% penalties
   e) $5,000.00 in emotional distress damages
   f) $5,000.00 in punitive damages
   g) For a total of $258,016.35

33. Plaintiff Earl Hensley ask for damages as follows: (see attached Affidavit of Earl Hensley, attached as Exhibit 1)

   a. $89,438.65 in owed wages
   b. $89,438.65 in Liquidated Damages

    c. $11,179.83 in pre-judgment interest

    d. $51,874.41 in IWML 2% penalties

    e. $5,000.00 in emotional distress damages

    f. $5,000.00 in punitive damages

    g. For a total of $251,930.24

34. Plaintiffs Fees are as follows:

    a. Plaintiff asks for a 1/3 of payments to Plaintiffs Marshall and Hensley as fees, consistent with Plaintiffs' agreed Fee Contract.

    b. Plaintiffs' Marshall and Hensley total Default Judgment amount sought is $258,016.35 + 251,930.24 = $509,946.59

    c. One-Third of this amount is $168,282.37.

35. *Nelson v. Proxemicus, Inc.,* 2016 WL 1166003, *2 (N.D. Ind.) ("Here, the attorneys' fees under the Agreement are one-third of the settlement amount, which is a proportion commonly approved by courts in FLSA actions.")  .sa

36. However as fees must also be reasonable, and the amount of work for this case is not sufficient to support fees of over $100,000.00.

37. Thus Plaintiff counsel asks for a reduced award, in the amount of $30,000.00.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court grant the following relief:

1. Plaintiff John Marshall asks the Court for a Judgment in the amount of of $258,016.35.

2. Plaintiff Earl Hensley asks the Court for a Judgment in the amount of $251,930.24.

3.  Plaintiffs ask for Default Judgement in the amount of $30,000.00 for their Reasonable Attorney Fees.

4.  Award such other and further relief as this Court deems necessary and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

Dated: May 3, 2018                               Respectfully submitted,


Respectfully submitted,

By:       -S-John C. Ireland
          John C. Ireland

Attorney for the Plaintiffs

John Ireland
**Lead counsel for purposes of  RULE 11.2 DESIGNATION OF LEAD COUNSEL ON INITIAL PLEADING**
The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
   630-464-9675
Facsimile 630-206-0889                    attorneyireland@gmail.com

Dated 5/3/18

### NOTICE OF FILING/MOTION
TO:


**ANTHONY** CHERRY
2375 N. Longwood Dr.
DECATUR IL 62526-3070

**CHARLES DOTY**
2375 N. Longwood Dr.
DECATUR IL 62526-3070



**ALPHA & OMEGA TRANSIT NETWORK, INC.,**

**Via it's registered Agent for service:**
CYNTHIA CHERRY
2375 N. Longwood Dr.
DECATUR IL 62526-3070

    PLEASE TAKE NOTICE THAT on May 3, 2018 Plaintiff filed the below described documents:

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

A copy of which is herewith served upon you.

**PROOF OF SERVICE**

  The undersigned on oath states that the above described documents and a copy of this notice were served by US Mail and/or electronic delivery to the above named parties on May 3, 2018.

I, John C. Ireland, under penalty of perjury under the laws of the State of Illinois that the forgoing was correct and true.

      _____/S/John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street     South Elgin ILL  60177
               630-464-9675    Fax 630-206-0889   attorneyireland@gmail.com


                        Respectfully submitted,

                        By:     -S-John C. Ireland
                               John C. Ireland

                        Attorney for the Plaintiffs

John Ireland
**Lead counsel for purposes of  RULE 11.2 DESIGNATION OF LEAD COUNSEL ON INITIAL PLEADING**
The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
  630-464-9675
Facsimile 630-206-0889         attorneyireland@gmail.com