UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOHN MARSHALL and EARL HENSLEY, ) on behalf of themselves and all other ) similarly situated, ) ) Plaintiffs, ) ) vs. ) ) ALPHA & OMEGA TRANSIT ) NETWORK, INC., ) **ANTHONY CHERRY, CHARLES DOTY** ) **Named as individual Defendants as Employers** ) **pursuant to the FLSA and IWML** ) ) Defendant. | Case No. .17 CV 2204 |

1

**Affidavit of Damages for** EARL HENSLEY **(in the above captioned case)**

I, EARL HENSLEY, declare as follows under oath or affirmation and, declare that the following statements are true to the best of my recollection and based upon my personal knowledge, under penalty of perjury:

1. I am over eighteen years of age.
2. I have personal knowledge of the facts contained in this Affidavit/Declaration which are true and correct to the best of my knowledge.
3. I was an employee of the ALPHA & OMEGA TRANSIT NETWORK, INC (Hereinafter referred to as "A and O"), during which time I personally observed, heard directly or became aware personally all facts and information contained herein.
4. I worked as non-exempt/hourly employee of A and O.
5. I was paid $8.50-9.00 per hour, thus my overtime rate of pay should have been paid at a rate of pay of $12.75-13.50 per overtime hour.
6. I was employed by the Defendant from May 24, 2015 until Mid-September of 2015.
7. I was terminated and as a result lost a significant amount of wages.
8. As stated in my Complaint, and now testified herein, I was terminated for in retaliation for complaints related to overtime wages, lack of pay for work time, failure to pay overtime wages.
9. This termination was deliberate and directly stated by Defendants to be based on those overtime complaints.
10. Defendants called me into a meeting and directly told me that they were firing me for those overtime complaints.

11. I was not paid for overtime nor paid for "downtime", thus I was owed overtime for downtime is as follows (also attached from printed Excel spreadsheet attached as Affidavit Exhibit 1 and herein incorporated as part of the Affidavit):

| Start Date | End Date | Hours Paid For | Hours Worked | Hours Owed | OT Hours | half time hours |
|---|---|---|---|---|---|---|
| 5/24/2015 | 6/6/2015 | 87.32 | 96.75 | 9.43 | 9.43 | 7.32 |
| 6/7/2015 | 6/20/2015 | 117.45 | 129.49 | 12.04 | 12.04 | 37.45 |
| 6/21/2015 | 7/4/2015 | 109.29 | 138.34 | 29.05 | 29.05 | 29.29 |
| 7/5/2015 | 7/18/2015 | 122.22 | 148.87 | 26.65 | 26.65 | 42.22 |
| 7/19/2015 | 8/1/2015 | 133.48 | 144.02 | 10.54 | 10.54 | 53.48 |
| 8/2/2015 | 8/15/2015 | 142.38 | 144.44 | 2.06 | 2.06 | 62.38 |
| 8/16/2015 | 8/29/2015 | 106.52 | 117.63 | 11.11 | 11.11 | 26.52 |
| 8/30/2015 | 9/12/2015 | 75.34 | 116.32 | 40.98 | 36.32 | 4.66 |
| | | Total: 894 hours | | | | |

| Hourly Rate | Overtime Rate | half time owed | overtime |
|---|---|---|---|
| $8.50 | $12.75 | $31.11 | $93.33 |
| $8.50 | $12.75 | $238.75 | $153.51 |
| $9.00 | $13.50 | $392.18 | $197.71 |
| $9.00 | $13.50 | $284.99 | $359.78 |
| $9.00 | $13.50 | $360.99 | $142.29 |
| $9.00 | $13.50 | $421.07 | $27.81 |
| $9.00 | $13.50 | $179.01 | $149.99 |
| $9.00 | $13.50 | $41.94 | $490.32 |
| $9.00 | $13.50 | | |
| $9.00 | $13.50 | | |
| | | $1,950.04 | $1,614.74 |
| | | total wages | $3564.78 |

12. Thus I am owed straight time wages (minimum wage violations) and Overtime (overtime wage violations) for the downtime and overtime claims in the amount of **$3,564.78**

3

13. Additionally I was paid (as shown above) a total of 689.23 hours at $9.00 per hour = $6,203.07 and 204.77 hours at $8.50 per hour =$1,740.55.

14. Thus paid wages are $6,203.07 + $1,740.55 = $7943.62.

15. Thus my total wages for my work time were or should have been $7943.62 + $3,564.78 = $11,508.40.

16. I worked for Defendants from May 24, 2015 until Mid-September of 2015.

17. May 24, 2015 until Mid-September of 2015 is eight weeks.

18. Thus my weekly wages was $1,438.55 ($11,508.40 divided by 8).

19. After Defendants fired me for the overtime and other wage complaints, I was unemployed for approximately 13 months, from September 15, 2015 to October 15, 2016.

20. Thus for the period of 9/15/15 to 10/15/16 I lost 56 weeks of wages due to the Defendants retaliatory termination.

21. Thus my lost wages for the period of unemployment is 56 weeks multiplied by weekly wages of $1,438.55, or 56 X $1438.55 = $80,558.80.

REDUCED INCOME PERIOD

22. When I found mitigation work, my new wages were less than the income I made with the Defendants.

23. In October of 2016 I found employment but was only working part time, earning $8.50 per hour and working only 20 hours per week.

24. Thus my mitigation wages were $170.00 per week, compared to $1,438.55 per week with Defendants.

25. Thus I was still losing $1,268.55 per week.

26. I worked part time from October 2016 to April of 2017, which is seven (7) months.

27. Thus I lost another seven months of wages, less my mitigation wages, 7 x $1,268.55 = $8,879.85.

## LIQUIDATED DAMAGES REQUEST

28. Defendants were fully aware that they were obligated to pay overtime wages and or straight wages, thus the FLSA violations were willful and deliberate.

29. I was terminated for in retaliation for complaints related to overtime wages, lack of pay for work time, failure to pay overtime wages.

30. This termination was deliberate and directly stated by Defendants to be based on those overtime complaints.

31. Defendants called me into a meeting and directly told me that they were firing me for those overtime complaints.

32. Thus I ask the court for a finding of willful violation of the FLSA, allowing for Liquidated damages equal to the amount owed for overtime and minimum wage violations.

33. Liquidated damages would be equal to the owed wages or $89,438.65.

## IMWL PENALTIES REQUEST

34. I also ask for penalties applicable under the Illinois Minimum Wage Law (IMWL).

35. Under the IMWL automatic penalties of 2% are applied each month while the Defendant fails to pay proper wages.

36. Thus from my termination date of September of 2015, to February 2018, 29 months has passed.

37. Thus 2% times owed wages of $89,438.65 equals = $1,788.77 per month in IMWL penalties.

38. Further, $1,788.77 multiplied by 29 months equals = $51,874.41.

PRE-JUDGMENT INTEREST REQUEST

39. I also ask for pre-judgment interest, based on Illinois Pre-Judgement Interest act, allowing for 5% annually.

40. 5% multiplied by 89,438.65 equals = $4,471.94 per year.

41. Since September of 2015, 2.5 years has passed.

42. Thus pre-judgment interest would be 2.5 times $4,471.94 = $11,179.83.

**EMOTIONAL DISTRESS REQUEST**

43. My termination by Defendants based on the overtime complaints was emotionally damaging to me: I was embarrassed, humiliated and ashamed.

44. Further I had to share my story of my job termination with my friends and family, as they inquired to my welfare, forcing me to re-experienced the termination over and over.

45. Defendants illegal termination of my employment also emotionally impacted me in a very negative manner as it left me unemployed for over a year.

46. This period of extended unemployment I suffered from emotional distress due to inability to pay bills, support myself and others, as well as related issues of hunger, loss of housing and repossession of my car.

47. While I have found new employment, I still suffer from the emotional distress caused by the termination, as I still struggle with the ongoing bills..

48. This emotional distress caused by my termination has caused me the following distress symptoms: loss of sleep, distraction, anger, and compulsive thoughts related to debts and bills.

49. Thus I ask the court for an award related to my emotional distress in the amount of $5,000.00

## PUNITIVE DAMAGES REQUEST

50. Lastly, as the Defendants purposefully and deliberately terminated my work for the overtime complaints, I ask for punitive damages as a deterrent to others and Defendants to act in this manner ever again.

51. I ask for punitive damages in the amount of $5,000.00

52.

53. Thus I ask the court to award me, EARL HENSLEY, the following amounts in Judgment:

   a) Overtime and Minimum wages of $80,558.80

   b) Liquidated Damages of $80,558.80

   c) IMWL Penalties of $46,724.10

   d) Pre-judgment Interest of $10,069.85

   e) Emotional distress damages of $5,000

   f) Punitive damages of $5000.00

   g) The above amounts total $227,911.55

54. I consent to allowing my contractual Fee and Costs agreement to be revealed in filings with this court and in this Affidavit, I waive the claim of privilege as to this issue, and limit my consent to this fact.

55. I signed a 1/3 contingent contract with my current counsel, John Ireland and also agreed to repay costs of the litigation to both Mr. Ireland and Mr. Terry Buehler.

56. Thus I ask that the Court award 1/3 of my owed wages and penalties as fees to Mr. Ireland.

57. One-third of my owed wages and penalties would be $75,210.82

58. Thus I ask the court to award me Default Judgment as follows:

1. $227,911.55 in total wages and penalties
2. $75,210.82 in fees.

I so swear, under oath, that the above statements to be true, under penalties provided by law of Section 1-109 of the Code of Civil Procedure.

If so required, I would provide testimony consistent and true to the above statements.

Further Declarant say Naught

I declare under penalty of perjury under the laws of the United States of America, that the forgoing statements are true and correct

I, EARL HENSLEY, declare under oath or affirmation and, declare that the preceding statements are true to the best of my recollection and based upon my personal knowledge, under penalty of perjury: _Carl Hensley_ (Signature)

Date 4/29/2018

| | Start Date | End Date | Hours Paid For | Hours Worked | Hours Owed | OT Hours |
|---|---|---|---|---|---|---|
| Hensley, Earl | 5/24/2015 | 6/6/2015 | 87.32 | 96.75 | 9.43 | 16.75 |
| | 6/7/2015 | 6/20/2015 | 117.45 | 129.49 | 12.04 | 49.49 |
| | 6/21/2015 | 7/4/2015 | 109.29 | 138.34 | 29.05 | 58.34 |
| | 7/5/2015 | 7/18/2015 | 122.22 | 148.87 | 26.65 | 68.87 |
| | 7/19/2015 | 8/1/2015 | 133.48 | 144.02 | 10.54 | 64.02 |
| | 8/2/2015 | 8/15/2015 | 142.38 | 144.44 | 2.06 | 64.44 |
| | 8/16/2015 | 8/29/2015 | 106.52 | 117.63 | 11.11 | 37.63 |
| | 8/30/2015 | 9/12/2015 | 75.34 | 116.32 | 40.98 | 36.32 |
| | 9/13/2015 | 9/26/2015 | 24.29 | 27.42 | 3.13 | |
| | 9/27/2015 | 10/10/2015 | 22.15 ?? | | | |
| Totals | | | | | 21.47 | |
| | | | | | 123.52 | |

Aff Ex. "1"

| Hourly Rate | Overtime Rate | OT Owed | Straight Time Owed at $8.50/hr | 9.5/hr | Total Damages |
|---|---|---|---|---|---|
| $8.50 | $12.75 | $71.19 | $182.50 | $1,111.68 | $3,058.99 |
| $8.50 | $12.75 | $210.33 | | | |
| $9.00 | $13.50 | $262.53 | | | |
| $9.00 | $13.50 | $309.92 | | | |
| $9.00 | $13.50 | $288.09 | | | |
| $9.00 | $13.50 | $289.98 | | | |
| $9.00 | $13.50 | $169.34 | | | |
| $9.00 | $13.50 | $163.44 | | | |
| $9.00 | $13.50 | | | | |
| $9.00 | $13.50 | | | | |
| | | $1,764.81 | | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
CENTRAL DIVISION
URBANA DIVISION

| | |
|---|---|
| JOHN MARSHALL,<br> and EARL HENSLEY,<br><br>    Plaintiffs,<br>vs.<br><br>ALPHA & OMEGA TRANSIT<br>NETWORK, INC.,<br>AND<br>ANTHONY CHERRY, CHARLES DOTY<br>Named as individual Defendants as Employers<br>pursuant to the FLSA and IWML<br><br>    Defendants. | Case No. 17 CV 2204 |

**Affidavit of Damages for John Marshall (in the above captioned case)**

I, **John Marshall**, declare as follows under oath or affirmation and, declare that the following statements are true to the best of my recollection and based upon my personal knowledge, under penalty of perjury:

1. I am over eighteen years of age.

2. I have personal knowledge of the facts contained in this Affidavit/Declaration which are true and correct to the best of my knowledge.

3. I was an employee of the ALPHA & OMEGA TRANSIT NETWORK, INC (Hereinafter referred to as "A and O"), during which time I personally observed, heard directly or became aware personally all facts and information contained herein.

4. I worked as non-exempt/hourly employee of A and O.

5. I was paid $8.25 per hour, thus my overtime rate of pay should have been paid at a rate of pay of $12.38 per overtime hour.

6. I was employed by the Defendant from July 13, 2015 until Mid-September of 2015.

7. I was terminated and as a result lost a significant amount of wages.

8. As stated in my filed Complaint, and now testified herein, I was terminated in retaliation for complaints related to overtime wages, lack of payment of wages for work time, failure to pay overtime wages.

9. Defendants' termination of my employment was deliberate and Defendants directly stated that the termination was based on those overtime/wage complaints.

## MY WAGES DUE FROM DEFENDANT A AND O

10. I was paid as follows (also attached from printed Excel spreadsheet attached as Affidavit Exhibit 1 and herein incorporated as part of the Affidavit):

| Start Date | End Date | Hours Paid For | Hours worked | Hours Owed | OT Hours Owed |
|---|---|---|---|---|---|
| 7/5/2015 | 7/18/2015 | 26.17 | 25.95 | | |
| 7/19/2015 | 8/1/2015 | 100.22 | 123.48 | 23.26 | 43.48 |
| 8/2/2015 | 8/15/2015 | 77.57 | 99.66 | 22.09 | 19.66 |
| 8/16/2015 | 8/29/2015 | 77.05 | 101.58 | 24.53 | 21.58 |
| 8/30/2015 | 9/12/2015 | 43.05 | 49.59 | 6.54 | |
| 9/13/2015 | 9/15/2015 | 16.45 | 17.5 | 1.05 | |
| **Totals** | | 340.51 | | 77.47 | |

| Hourly Rate | Overtime Rate | OT Owed | Straight Time Owed |
|---|---|---|---|
| $8.25 | $12.38 | | $639.13 |
| $8.25 | $12.38 | $179.36 | |
| $8.25 | $12.38 | $81.10 | |
| $8.25 | $12.38 | $89.02 | |
| $8.25 | $12.38 | | |
| $8.25 | $12.38 | | |

$8.25
x340.51=
2809.21

11. Thus I earned and should have been paid the following amounts $2,809.21 + 639.13 + 349.48 = $3,797.82.

## WEEKLY WAGE CALCUATIONS

12. This gross wages paid while employed equals $3,797.82 and this amount was earned over a five week period (five weeks rather than six weeks because the first and last weeks were only partial weeks equaling five work days total).

13. Thus for five weeks of gross wages divided by five (5) equals $759.57 per week in lost wages since my termination.

## LOST WAGES – WHILE UNEMPLOYED

14. I was unemployed for a year and one month or 56 weeks.

15. Thus I lost $759.57 per week for 56 weeks.

16. I lost $759.57 X 56 weeks = $42,535.92 total lost wages.

## LOST WAGES- WHILE UNDER-EMPLOYED

17. When I secured employment, after 13 months of job searching, my new employment wages were less than those I was earning with Defendants

18. My mitigation employment pays just minimum wage and I work less hours than I did with Defendants.

19. In my mitigation employment, I was earning $234.00 per week, rather than $759.57 per week.

20. Thus the difference in wages after I found mitigation employment is $525.57 per week or $2,302.28 per month.

21. I was hired by my new employer in October of 2016.

22. Thus the period during which I was mitigating/working, (mitigating my damages) but earning less than I earned with A and O was the period from October of 2016 to April of 2018.

23. The period of time from October 2016 to April of 2018 is 19 months.

24. Thus I lost $2,302.28 per month for 19 months, or $2,302.28 x 19 = $43,743.32.

25. Thus during the 19 months from October of 2016 to present I am owed $43,743.32 in lost wages due to the Defendants termination of my employment reduced by my mitigation income.

26. Thus my total lost wages for both the period of unemployment and reduced wages, is $43,743.32 and $42,535.92 which if added together equals $86,279.24

## LIQUIDATED DAMAGES REQUEST

27. Thus I ask the court for a finding of willful violation of the FLSA, allowing for Liquidated damages equal to the amount owed for overtime and minimum wage violations.

28. I was terminated in retaliation for complaints related to overtime wages, lack of payment of wages for work time, failure to pay overtime wages.

29. Defendants' termination of my employment was deliberate and Defendants directly stated that the termination was based on those overtime/wage complaints.

30. Liquidated damages would be equal to the owed wages or $86,279.24.

## IMWL PENALTIES

31. I also ask for penalties applicable under the Illinois Minimum Wage Law (IMWL).

32. Under the IMWL automatic penalties of 2% are applied each month while the Defendant fails to pay proper wages.

33. Thus from my termination date of September of 2015, to April 2018, 31 months has passed.

34. Thus 2% times owed wages of $86,279.24 equals = $1,725.59 per month in IMWL penalties.

35. Further, $1,725.59 multiplied by 31 months equals = $53,493.13.

## PRE-JUDGMENT INTEREST REQUEST

36. I also ask for pre-judgment interest, based on Illinois Pre-Judgement Interest act, allowing for 5% annually.

37. 5% multiplied by $86,279.24 equals = $4313,97 per year.

38. Since September of 2015, 2.5 years has passed.

39. Thus pre-judgment interest would be 2.5 times $4313.97 = $10,784.91.

## EMOTIONAL DISTRESS REQUEST

40. My termination by Defendants based on the overtime complaints was emotionally damaging to me: initially upon my termination I was embarrassed, humiliated and ashamed.

41. Further I had to share my story of my job termination with my friends and family, as they inquired to my welfare, forcing me to re-experienced the termination over and over.

42. Defendants illegal termination of my employment also emotionally impacted me in a very negative manner as it left me unemployed for over a year.

43. This period of extended unemployment I suffered from emotional distress due to inability to pay bills, support myself and others, as well as related issues of hunger, loss of housing and repossession of my car.

44. While I have found new employment, I still suffer from the emotional distress caused by the termination, as I still struggle with the ongoing bills and lack of comparable income.

45. This emotional distress caused by my termination has caused me the following distress symptoms: loss of sleep, distraction, anger, and compulsive thoughts related to debts and bills.

46. Thus I ask the court for an award related to my emotional distress in the amount of $5,000.00

### PUNITIVE DAMAGES REQUEST

47. Lastly, as the Defendants purposefully and deliberately terminated my work for the overtime complaints, I ask for punitive damages as a deterrent to others and Defendants to act in this manner ever again.

48. I ask for punitive damages in the amount of $5,000.00

49. Thus I ask the court to award me, John Marshall, the following amounts in Judgment:

    a) Overtime and Minimum wages of $86,279.24.

    b) Liquidated Damages of $86,279.24.

    c) IMWL Penalties of $53,493.13.

    d) Pre-judgment Interest of $10,784.91

    e) Emotional Distress damages $5,000.00

f) Punitive Damages $5,000.00

g) The above amounts total $246,836.52

## ATTORNEY FEE REQUEST

50. I consent to allowing my contractual Fee and Costs agreement to be revealed in filings with this court and in this Affidavit, I waive the claim of privilege as to this issue, and limit my consent to this fact.

51. I signed a 1/3 contingent contract with my current counsel, John Ireland.

52. Thus I ask that the Court award 1/3 of my owed wages and penalties as fees to Mr. Ireland.

53. One-third of my owed wages and penalties would be $81,456.05

## TOTALS

54. Thus I ask the court to award me Default Judgment as follows:

   1. $246,836.52 in total wages and penalties
   2. $81,456.05 in fees.
   3. Total of $328,292.57

I so swear, under oath, that the above statements to be true, under penalties provided by law of Section 1-109 of the Code of Civil Procedure.

If so required, I would provide testimony consistent and true to the above statements.

Further Declarant say Naught

I declare under penalty of perjury under the laws of the United States of America, that the forgoing statements are true and correct

I, John Marshall, declare under oath or affirmation and, declare that the preceding statements are true to the best of my recollection and based upon my personal knowledge, under penalty of perjury: _John Marshall_____(Signature)

Date 4/27/18

|  | Start Date | End Date | Hours Paid For | Hours worked | Hours Owed | OT Hours Owed |
|---|---|---|---|---|---|---|
| Marshall, John | 7/5/2015 | 7/18/2015 | 26.17 | 25.95 | | |
| | 7/19/2015 | 8/1/2015 | 100.22 | 123.48 | 23.26 | 43.48 |
| | 8/2/2015 | 8/15/2015 | 77.57 | 99.66 | 22.09 | 19.66 |
| | 8/16/2015 | 8/29/2015 | 77.05 | 101.58 | 24.53 | 21.58 |
| | 8/30/2015 | 9/12/2015 | 43.05 | 49.59 | 6.54 | |
| | 9/13/2015 | 9/26/2015 | 16.45 | 17.5 | 1.05 | |
| Totals | | | | | 77.47 | |

Aff EX "1"

| Hourly Rate | Overtime Rate | OT Owed | Straight Time Owed | Total Damages | Total Damages x2 |
|---|---|---|---|---|---|
| $8.25 | $12.38 | | $639.13 | $988.60 | $1,977.20 |
| $8.25 | $12.38 | $179.36 | | | |
| $8.25 | $12.38 | $81.10 | | | |
| $8.25 | $12.38 | $89.02 | | | |
| $8.25 | $12.38 | | | | |
| $8.25 | $12.38 | | | | |
| | | $349.47 | | | |